IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**METROPOLITAN PROPERTY & CASUALTY**
**INSURANCE CO., f/k/a ECONOMY PREFERRED**
**INSURANCE COMPANY,**

    Plaintiff,

vs.                                      CIVIL NO. 04-1069 BB/RLP

**FRANK F. JANZAD,**

    Defendant.

### DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant Frank F. Janzad, by and through his counsel of record, The Revo Law Firm, P.A. (M. Terrence Revo), pursuant to the Court's Pretrial Timetable, hereby submits his proposed findings of fact and conclusions of law:

A.   **FINDINGS OF FACT**

1. On March 28, 1996, there was in effect a policy of insurance issued by Economy Preferred Insurance Company to Faye Janzad and Luis Suarez, as Combo Policy No. VH 30 500851 with uninsured motorist bodily injury limits of $100,000.000 per person with four scheduled vehicles.

2. Defendant Frank F. Janzad was involved in an automobile collision that occurred in Albuquerque, New Mexico, on March 28, 1996.

3. Defendant Frank F. Janzad received the full policy limits recoverable under the tortfeasor's automobile insurance policy applicable to the aforesaid March 28, 1996 automobile collision.

4. At the time of the collision, Frank F. Janzad's driver's license no. 032615287 stated that his address was 5709 Teakwood Trail, NE which is the same as the named insureds under the Economy Preferred Combo Policy in question.

5. Frank F. Janzad made demand upon plaintiff for policy limits under the uninsured motorist portion of the Economy Preferred Insurance Company Combo Policy No. VH 30 500851, requesting stacking of available coverage for a total of $400,000.00.

6. Faye F. Janzad applied to Economy Preferred Insurance Company for the policy in question on or about December 21, 1994.

7. The Economy Preferred Insurance Company Combo Policy No. VH 30 500851 was renewed on December 21, 1995.

8. On March 28, 1996, Defendant was the registered owner of the 1980 Toyota Corolla that was involved in the automobile collision in Albuquerque, New Mexico.

9. The 1980 Toyota Corolla in question was purchased and owned by the named insured, Faye F. Janzad, as of the date of the accident in question.

10. Faye F. Janzad had an insurable interest in the 1980 Toyota Corolla in question.

11. The 1980 Toyota Corolla in question was properly insured by Faye F. Janzad under Economy Preferred Insurance Company Combo Policy No. VH 30 500851.

12. Frank F. Janzad resided at 5709 Teakwood Trail NE, Albuquerque, New Mexico, the home of his sister, Faye F. Janzad, and her husband, Luis Suarez, on December 21, 1995.

13. Frank F. Janzad resided at 5709 Teakwood Trail NE, Albuquerque, New Mexico, the home of his sister, Faye F. Janzad, and her husband, Luis Suarez, March 28, 1996.

14. Frank F. Janzad was a resident, insured family member on December 21, 1995 under the Economy Preferred Insurance Company Combo Policy No. VH 30 500851 issued to Faye F. Janzad and Luis A. Suarez.

15. Frank F. Janzad was an insured resident family member on March 28, 1996, under the Economy Preferred Insurance Company Combo Policy No. VH 30 500851 issued to Faye F. Janzad and Luis A. Suarez.

16. At the time of the accident on March 28, 1996, Frank F. Janzad did not reside at 2800 Vail Ave., SE, Unit 163.

17. Prior and subsequent to the accident on March 28, 1996, Frank F. Janzad used 2800 Vail Ave., SE, Condo Unit 163 as a work space and to store photographic equipment.

18. Subsequent to the accident on March 28, 1996, Frank F. Janzad provided police, a potential employer, and his health care providers his anticipated future address of 2800 Vail Ave., SE, Unit 163.

19. Prior and subsequent to the accident on March 28, 1996, 2800 Vail Ave., SE, Unit 163 was a condominium owned by defendant's sister, Faye F. Janzad.

20. Faye F. Janzad paid all condominium owners' association fees until June, 1996.

21. Various repair and renovation work was performed at 2800 Vail Ave., SE, Unit 163 after the accident on March 28, 1996 to make it ready for occupancy.

22. Frank F. Janzad first began paying the condominium association fees for 2800 Vail Ave., SE, Unit 163 in July, 1996.

23. Frank F. Janzad moved into 2800 Vail Ave., SE, Unit 163 in July, 1996.

24. Plaintiff takes an insured's intent into consideration when determining residency.

25. Plaintiff takes an insured's expectations into account when determining residency.

26. Defendant's listing of his address as 2800 Vail Ave., SE during the period 1993 to 1999 in his answers to interrogatories in arbitration was the result of the inadvertence and mistake of defendant's law firm.

27. On March 19, 2001, Frank F. Janzad testified in his Examination Under Oath that at the time of the accident, he lived with his sister at her address at 5709 Teakwood Trail.

28. Frank F. Janzad and his sister, Faye F. Janzad had an expectation of uninsured motorist coverage for Mr. Janzad as of December 21, 1995 and continuing through the time of the accident on March 28, 1996.

B. **CONCLUSIONS OF LAW**

1. Frank F. Janzad was a resident of his sister's home at 5709 Teakwood Trail NE during the period surrounding the motor vehicle accident of March 28, 1996.

2. The term "resident" in the Economy Preferred Insurance Company Combo Policy No. VH 30 500851 is not defined in the policy and, consequently, is ambiguous under the circumstances of this case.

3. For purposes of the insurance policy in question, an insured family member can have more than one residence.

4. Plaintiff routinely insures non-owned vehicles for its policy holders.

5. The phrase "your covered auto" in the Economy Preferred Insurance Company Combo Policy No. VH 30 500851 is ambiguous under the circumstances of this case.

6. The definition of "family member" in the Economy Preferred Insurance Company Combo Policy No. VH 30 500851 is ambiguous under the circumstances of this case.

4

7. The purported exclusion in the Economy Preferred Insurance Company Combo Policy No. VH 30 500851 of "family members" who own motor vehicles is ambiguous under the circumstances of this case in which a "family member's" vehicle is listed as a "covered auto."

8. The definition of "family member" in the Economy Preferred Insurance Company Combo Policy No. VH 30 500851 is against public policy to the extent that it purports to exclude auto-owning, resident family members from uninsured motorist coverage.

9. Frank F. Janzad was an insured under Economy Preferred Insurance Company Combo Policy No. VH 30 500851 issued to Faye F. Janzad and Luis A. Suarez as of March 28, 1996.

10. The 1980 Toyota Corolla in question was properly insured by Faye F. Janzad during the period December 21, 1995 through March 28, 1996.

11. The 1980 Toyota Corolla in question was a properly insured, covered auto under Economy Preferred Insurance Company Combo Policy No. VH 30 500851 effective December 21, 1995.

12. Frank F. Janzad as an insured driving a properly insured, covered auto under Economy Preferred Insurance Company Combo Policy No. VH 30 500851 is entitled to stack the uninsured motorist coverage of the four covered autos insured under that policy.

**Respectfully submitted**

THE REVO LAW FIRM, P.A.

_____
M. Terrence Revo
Attorney for Defendant
10400 Academy NE, Suite 200
Albuquerque, NM 87111
(505) 293-8888
(505) 323-1159 (fax)

I HEREBY CERTIFY that a copy of the foregoing was mailed, postage prepaid, plaintiff's counsel on the 19th day of September, 2005.

_____
M. Terrence Revo